# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

BILLY SPROLES, )
)
       Plaintiff, )
)
v. )     No.   2:26-CV-067-CLC-CRW
)
SULLIVAN COUNTY JAIL, SULLIVAN )
COUNTY MEDICAL STAFF, )
STEPHANEY, HARLEY, SHERRY, )
MARK, MATT, SARAH, JULIE, TASHA, )
and DONNA, )
)
       Defendants. )

## MEMORANDUM & ORDER

Plaintiff, a Sullivan County Jail inmate, filed a pro se complaint for violation of 42 U.S.C. § 1983 asserting claims regarding the medical care in the jail [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 5]. For the reasons set forth below, Plaintiff's motion [*id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a plausible claim for violation of § 1983.

## I.    FILING FEE

As Plaintiff cannot pay the filing fee in one lump sum, his motion for leave to proceed *in forma pauperis* [*id.*] is **GRANTED**. Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

28 U.S.C.§ 1915(b)(1)(A) and (B).  Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure compliance with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee.  This memorandum and order shall be placed in Plaintiff's institutional file and follow him if he is transferred to a different facility.

## II.     COMPLAINT SCREENING

### A.     Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999).  The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)."  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim and allegations that do not raise a plaintiff's right to relief "above the speculative level" fail to state a plausible claim.  *Id.* at

681; *Twombly*, 550 U.S. at 555.  But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right.  42 U.S.C. § 1983.

### B.       Allegations

Plaintiff has "multiple heart [and] blood related illness[es]," which he describes as "multiple blood clots swelling up" and a heart that is "15% working condition," and he claims that he is "[b]eing held at Sullivan County Jail . . . [a]gainst Doctor['s] wishes" [Doc. 1 p. 4].  Plaintiff "keep[s] asking for proper medical care or to be released on furlough to get it [him]self[] [but] [n]othing is being done" [*Id.*].  Plaintiff additionally states that his condition is getting worse daily, that he is "in fear for [his] life," and that he "complained to all medical staff [and] [a]ll guards working" [*Id.* at 2, 4, 5].

Plaintiff has sued the Sullivan County Jail, the Sullivan County Medical Staff, and individuals he names as Stephaney, Harley, Sherry, Mark, Matt, Sarah, Julie, Tasha, and Donna [*Id.* at 1, 3].  As relief, Plaintiff requests monetary damages [*Id.* at 5].

### C.       Analysis

First, while Plaintiff has sued the Sullivan County Jail and the Sullivan County Jail Medical Staff, neither of these entities is a "person" subject to suit under § 1983.  *See Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that "medical departments are not 'persons' under § 1983" because they have no "corporate or political existence").

Additionally, even if the Court could liberally construe Plaintiff's complaint as against Sullivan County (which is an entity subject to suit under §1983 and the municipality responsible for the Sullivan County Jail) in the place of the Sullivan County Jail, this municipality may not be liable under § 1983 "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, Sullivan County may be liable under § 1983 only where "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Id.* Such a claim may be based on the following:

> (1) the existence of an illegal official policy or legislative enactment;
> (2) an official with final decision making authority ratifying illegal actions;
> (3) the existence of a policy of inadequate training or supervision; or
> (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation omitted).

For purposes of screening Plaintiff's complaint, the Court presumes that Plaintiff is a pretrial detainee. *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021). Thus, for Plaintiff's complaint to plausibly allege that Sullivan County or any individual Defendant violated his constitutional rights, Plaintiff must set forth facts indicating that Sullivan County and/or the individual Defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 317 (6th Cir. 2023) (citations omitted).

Plaintiff does not provide any facts from which the Court can plausibly infer that his inability to obtain the medical care he has requested is attributable to a custom or policy of Sullivan County, such that this municipality may be liable for that omission under § 1983. *Monell*, 436 U.S. at 694.

Also, as to the individual Defendants, as set forth above, Plaintiff states that (1) he has serious medical conditions, including blood clots and heart issues; (2) he is being confined in the jail against the orders of an unspecified doctor; (3) he "complained" to the guards and medical staff; and (4) he requested both "proper medical care" and a furlough but "[n]othing is being done" [*Id.* at 2, 4–5].  But it is apparent from Plaintiff's statement that he has requested "proper medical care" that he has received some medical care during his confinement.  And Plaintiff does not specify what medical care he has requested but has not received, set forth facts indicating that any individual Defendant is responsible for providing Plaintiff the medical care he has requested but not received, or provide any facts about the substance of his complaints to guards and medical staff.  As such, the Court cannot plausibly infer that any individual Defendant violated Plaintiff's constitutional rights by deliberately and recklessly disregarding an unjustifiably high risk of harm to him.  *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

Thus, even liberally construing the complaint in favor of Plaintiff, it fails to state a plausible claim for violation of § 1983 against any Defendant.  As such, it will be **DISMISSED**.

III.    **CONCLUSION**

For the reasons set forth above:

1.      Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**;

2.      Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.      The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

5

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

6